IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| LAKALA FIELDS | * | |
| Plaintiff, | * | |
| v. | * | 3:07-CV-114-MHT |
| | | (WO) |
| TUSKEGEE CITY COURT SYSTEM, *et al*., | * | |
| Defendants. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

LaKala Fields ["Fields"], proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Fields complains that Defendants failed to properly advise her of the manner in which she was to serve her sentence which subjected her to a hold at the Macon County Jail. Fields asserts that the hold caused her to loose her job because she was unable to go to work on her scheduled work day. Fields names as defendants the Tuskegee City Court System and Angela Hamilton. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. FACTS

Fields states that on December 21, 2006 a judge sentenced her to fifteen days imprisonment. To serve her sentence, Fields was to turn herself in to the Macon County Jail

---

[1] A person who is allowed to proceed *in forma pauperis* in this court will have their complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

on Friday evenings at 6:00 p.m. whereupon she would be released the next day at 6:00 a.m. (Doc. No. 1.)

After successfully serving five days of her fifteen day sentence, Fields asserts that on Friday, January 19, 2007, Defendant Hamilton arrived at the Macon County Jail to inform Fields that she failed to go through a certain procedure at the police department in regard to service of her sentence. Fields alleges that Defendant Hamilton's action led to the jail placing a hold on her which in turn caused her to loose her job. Fields maintains that prior to January 19, 2007 she had not been informed that she had neglected to comply with any required procedure. Fields further complains that Defendants subjected her to discrimination because another individual at the jail received a sentence similar to hers in its execution but was likewise unaware of the procedure referenced by Defendant Hamilton. (Doc. No. 1.)

## II. DISCUSSION

*A. The Tuskegee City Court System*

Fields names the Tuskegee City Court System as a defendant. The law is established that courts are not persons within the meaning of 42 U.S.C. § 1983. *See Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). Dismissal of Fields' complaint against the Tuskegee City Court System is, therefore, appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

*B. Ms. Hamilton*

Angela Hamilton serves as the Clerk of Court for the Municipal Court located in

Tuskegee, Alabama. Fields complains that information Defendant Hamilton gave to her concerning execution of her sentence resulted in a hold being placed on her at the county jail.

When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). Additionally, where a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because she is performing a judicial function. *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). Here, Fields fails to show that Defendant Hamilton acted outside her authority in advising Fields of the procedures she had to follow with respect to properly serving her sentence. In light of the foregoing, the court concludes that this claim is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke*, 490 U.S. at 327.

Fields also complains that Defendant Hamilton subjected her to unequal treatment because another individual in the jail serving a sentence similar to Fields knew nothing about the procedure which caused a hold to be placed on Fields. Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Thus, in order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that she is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida*

*Parole and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986). Inconsistency in the operation of a prison may not, in itself, constitute a denial of equal protection. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers, rather than against instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987).

Inmates themselves do not constitute a suspect or quasi-suspect class entitling such persons to "strict scrutiny" of disparate government treatment. Here, what Fields complains of is her disappointment in having a hold placed on her for not following a certain procedure necessary to the execution of her sentence where an inmate with a seemingly similar sentence was likewise unaware of any such procedure and presumably not subject to a hold by the jail. Thus, Fields regards this conduct as actionable unequal treatment. Nevertheless, Fields does

not allege that she has been subjected to any tangible unequal treatment by Defendant Hamilton's conduct such as her decision being based upon a constitutionally protected interest. As a matter of law, therefore, the allegations supporting this claim, without more, do not rise to the level of a constitutional violation.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 7, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of February, 2007.

                                      /s/Charles S. Coody  
                                CHARLES S. COODY  
                                CHIEF UNITED STATES MAGISTRATE JUDGE